# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER CLARK, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 06-165-RAW-KEW |
| GREG PROVINCE, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On October 18, 2007, petitioner filed a motion to enter a scheduling order and to set an evidentiary hearing [Docket #13]. The motion failed to set forth any subject matter for an evidentiary hearing, and it completely failed to show how petitioner had met the requirements for an evidentiary hearing, so the motion was denied on November 6, 2007 [Docket #15].

Petitioner subsequently filed a motion to reconsider the denial of an evidentiary hearing [Docket #16], and the respondent has responded to the motion [Docket #18]. Petitioner alleges he is entitled to an evidentiary hearing on the issue of Investigator Brad Inman's involvement with the State's evidence in petitioner's prosecution. Inman was convicted of Preparing False Evidence and three counts of Perjury with respect to petitioner's criminal trial in Pittsburg County District Court Case No. CF-04-540.

The requirements for an evidentiary hearing are as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

A petitioner's request for an evidentiary hearing "must be specific and particularized, not general or conclusory." *Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995)). Here, petitioner is asserting an evidentiary hearing should be held to determine "Inman's involvement with any and all evidence used by the State of Oklahoma in prosecution of the Petitioner during Petitioner's second jury trial," and "whether Inman's involvement tainted the evidence and entitled the Petitioner to suppression of said evidence." [Docket #16 at 1]. He, however, makes no specific assertion of what evidence allegedly was tainted, and he has presented no documentation to establish any basis for his claim that Inman tainted any evidence other than the forged *Miranda* waiver form that is addressed in the petition. Furthermore, the issue of the allegedly tainted evidence is not presented as a ground for relief in petitioner's habeas corpus petition. After careful review, the court finds petitioner has failed to meet his burden for an evidentiary hearing.

**ACCORDINGLY,** petitioner's motion to reconsider [Docket #16] is DENIED.

**IT IS SO ORDERED** this 31st day of January 2008.

---
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**